[994 NYS2d 857]

In the Matter of BERNARD A. WEINTRAUB (Admitted as BERNARD ADAM WEINTRAUB), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 14, 2014

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin M. Doyle* of counsel), for petitioner.

*Hinshaw & Culbertson LLP* (*Hal R. Lieberman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Bernard A. Weintraub was admitted to the practice of law in the State of New York by the First Judicial Department on May 2, 1994, under the name Bernard Adam Weintraub. At all times relevant herein, respondent maintained a registered business address within the First Department.

The Departmental Disciplinary Committee moves, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11, for an order accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys. Respondent's affidavit of resignation, sworn to on July 3, 2014, complies with section 603.11 in that he states, inter alia: (1) his resignation is submitted freely, voluntarily and without coercion or duress; and (2) that he is fully aware of the implications of submitting his resignation (*see* 22 NYCRR 603.11 [a] [1]).

Respondent is also aware that he has been the subject of an investigation by the Disciplinary Committee into allegations he misappropriated client funds (22 NYCRR 603.11 [a] [2]). Specifically, it was alleged that respondent: (1) jointly represented two clients at the closing of the sale of their home; (2) held a portion of the sale proceeds in his escrow account, the disbursement of which was delayed because his clients were involved in divorce proceedings; (3) during the period of time in which the funds were held in escrow and without his clients consent, he "borrowed" $600,000 "to meet certain obligations in the face of the economic downturn and [his] consequent inability to borrow the money from regular institutional sources"; and (4) he provided accountings to counsel for one of his clients which did not reflect his misappropriation of funds from the escrow account. Respondent advised that "he fully described" his misappropriation to his client's counsel subsequent to providing the inaccurate accounting, and promised to restore the funds to his escrow account. When counsel requested disbursement of the proceeds, respondent paid over the funds in full, after certain proper payments and distributions, along with interest for the entire escrow period.

Respondent further acknowledges he could not defend himself on the merits if disciplinary charges were brought against him (22 NYCRR 603.11 [a] [3]; *Matter of Riley*, 115 AD3d 112 [1st Dept 2014]).

Accordingly, the Committee's motion should be granted to the extent of accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 3, 2014.

ACOSTA, J.P., RICHTER, MANZANET-DANIELS, FEINMAN and GISCHE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 3, 2014.