[19 NYS3d 415]

In the Matter of Ross M. Abelow (Admitted as Ross Martin Abelow), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, November 24, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Norma I. Melendez* of counsel), for petitioner.

*Emery Celli Brinckerhoff & Abady LLP* (*Hal R. Lieberman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Ross Martin Abelow was admitted to the practice of law in the State of New York by the Second Judicial Department on April 25, 1990. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11, accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys. Respondent's affidavit of resignation, sworn to August 14, 2015, complies with section 603.11.

Respondent deposited $607,257.82 of the net sale proceeds of an apartment jointly owned by his client into an IOLA account he maintained at J.P. Morgan Chase. He acknowledged having depleted a considerable amount of his client's money for his own personal purposes, admitting that he retained only $207,831.67 of the $493,685.08 (after legal fees) he should have been holding for the client. He admitted that the withdrawals were made unbeknownst to his client, and that he failed to promptly pay over the escrow funds to the client, despite her repeated requests to do so. Respondent eventually returned all of the misappropriated funds.

Respondent states that he is aware that he is the subject of allegations that he misappropriated and intentionally converted client funds held in escrow; commingled client and personal funds; misused his escrow account as a personal account; failed to promptly pay over funds to which his client was entitled; failed to maintain the required escrow account records; and that by virtue of the foregoing, he committed misconduct adversely reflecting on his fitness as a lawyer.

Respondent acknowledges that if disciplinary charges were brought against him predicated on the allegations at issue, he could not successfully defend himself on the merits against the charges (*see* § 603.11 [a] [3]). Further, he acknowledged that his conduct was serious enough to warrant disbarment.

Respondent's affidavit fully complies with 22 NYCRR 603.11 and is therefore accepted by this Court (*see e.g. Matter of Wein-*

*traub*, 123 AD3d 135 [1st Dept 2014]; *Matter of Teplen*, 120 AD3d 139 [1st Dept 2014]).

Accordingly, the Committee's motion should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 14, 2015.

TOM, J.P., RENWICK, ANDRIAS, MOSKOWITZ and MANZANET-DANIELS, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 14, 2015.