[29 NYS3d 785]

In the Matter of RICHARD D. LAMBORN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 7, 2016

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

*Richard D. Lamborn*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Richard D. Lamborn was admitted to the practice of law in the State of New York by the Fourth Judicial Department on March 16, 1987. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11, accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys. Respondent's affidavit of resignation, sworn to November 23, 2015, complies with section 603.11.

Respondent states that he is aware that he is the subject of disciplinary charges currently pending before a Referee alleging that he misappropriated and/or intentionally converted funds belonging to others for his own use and benefit in violation of the Rules of Professional Conduct (22 NYCRR 1200.0), namely, rules 1.15 (a) and 8.4 (c).

Specifically, respondent acknowledges that during his May 13, 2015 examination under oath before the Committee he testified, inter alia, that he used approximately $2,400 that belonged to a client whom he represented in a dispute with his commercial landlord, for his own personal purposes. Respondent further testified that he used approximately $1,500 which belonged to an estate for his own personal purposes (see 22 NYCRR 603.11 [a] [2]). Respondent testified that he reimbursed both the client and the estate.

Respondent acknowledges disciplinary charges were brought against him predicated on the allegations at issue and that he can not successfully defend himself on the merits against the charges (see § 603.11 [a] [3]).

Respondent's affidavit fully complies with 22 NYCRR 603.11 and is therefore accepted by this Court (see e.g. Matter of Weintraub, 123 AD3d 135 [1st Dept 2014]; Matter of Teplen, 120 AD3d 139 [1st Dept 2014]).

Accordingly, the Committee's motion should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 23, 2015.

SWEENEY, J.P., ACOSTA, RENWICK, MANZANET-DANIELS and KAPNICK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to November 23, 2015.