[39 NYS3d 776]

In the Matter of PAUL R. ALTER (Admitted as PAUL RICHARD ALTER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 27, 2016

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Michael S. Ross*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Paul Richard Alter was admitted to the practice of law in the State of New York by the Second Judicial Department on December 16, 1965. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.

The Departmental Disciplinary Committee moves for an order under Rules of the Appellate Division, First Department (22 NYCRR) § 603.11, accepting respondent's resignation and striking his name from the roll of attorneys admitted to practice law in the State of New York.

Respondent's affidavit of resignation, sworn to July 28, 2016, fully conforms to the requirements of 22 NYCRR 603.11. Respondent acknowledges that he is the subject of an investigation by the Committee into allegations that, from late 2008 until 2012, while he was a shareholder at his former law firm, he engaged in professional misconduct by submitting reimbursement requests for improper expenses and disbursements. These expenses and disbursements were, in certain instances, charged to the firm, and in other instances, were charged to the firm's clients. According to respondent, upon review of the firm's submissions to the Committee, and "upon reflection," he understands that he mishandled his requests for reimbursement totaling $30,102.68 over a period of years. Further, respondent states, he understands that the requests were inconsistent with the firm's policies and were therefore improper. Respondent avers that for that reason, and in "the spirit of reconciliation," he issued a check in the amount of $30,102.68 to his former firm.

Respondent acknowledges that if disciplinary charges were brought against him under this set of facts, he could not successfully defend himself on the merits against the charges (*see* 22 NYCRR 603.11 [a] [3]). He further states that his resignation is freely and voluntarily rendered, without coercion or duress, and that he is fully aware of the implications of submitting his resignation (*see* 22 NYCRR 603.11 [a] [1]).

Respondent's affidavit of resignation fully complies with 22 NYCRR 603.11 and therefore, this Court should accept it (*see e.g. Matter of Meltzer*, 136 AD3d 14, 16-17 [1st Dept 2015]; *Matter of Weintraub*, 123 AD3d 135 [1st Dept 2014]). Accord-

ingly, the Committee's motion should be granted and respondent's affidavit of resignation from the practice of law accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 28, 2016.

MOSKOWITZ, J.P., FEINMAN, GISCHE, KAPNICK and GESMER, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.