Matter of Dubal (2017 NY Slip Op 03882)





Matter of Dubal


2017 NY Slip Op 03882


Decided on May 11, 2017


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2017
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,Justice Presiding,
Rosalyn H. Richter
Paul G. Feinman
Judith J. Gische
Ellen Gesmer, Justices.


&em;

[*1]In the Matter of Siddharth G. Dubal, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Siddharth G. Dubal, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Siddharth G. Dubal, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 13, 2003.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Remi E. Shea, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Petitioner Siddharth G. Dubal was admitted to the practice of law in the State of New York by the First Judicial Department on January 13, 2003. Petitioner last maintained a registered business address in New Jersey.
Petitioner, pro se, seeks an order pursuant to Uniform Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation and disbarring him from the practice of law nunc pro tunc to January 26, 2016 or the date of the current application. The Attorney Grievance Committee supports the application.
Petitioner states he was also admitted in the State of New Jersey, and that on January 26, [*2]2016, the Supreme Court of New Jersey disbarred him on consent (Matter of Dubal, 224 NJ 35, 128 A3d 694 [2016]). Petitioner acknowledges he is currently the subject of an investigation by the Committee involving allegations of professional misconduct, regarding conversion or misappropriation of client trust funds in a total amount of $174,807.15. Petitioner states he has made full restitution to each of the clients, he cannot successfully defend himself against the allegations under investigation, and that he submits his resignation freely and voluntarily, without coercion or duress, and with full awareness of the consequences. Petitioner further agrees that pending issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services. Petitioner's resignation is effective the date his affidavit was sworn to, March 2, 2017 (see e.g. Matter of Lamborn, 139 AD3d 128 [1st Dept 2016]; Matter of Abelow, 135 AD3d 234 [1st Dept 2015]).
Petitioner's resignation conforms with 22 NYCRR 1240.10 and is therefore accepted by this Court (see Abelow at 235).
Accordingly, petitioner's motion should be granted to the extent of accepting petitioner's resignation from the practice of law and striking his name from the roll of attorneys, effective nunc pro tunc to March 2, 2017.
All concur.
Order filed. [May 11, 2017]
Friedman, J.P., Richter, Feinman, Gische, Gesmer, JJ.
Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 2, 2017.